City of Ogdensburgh *v.* Lyon.

CITY OF OGDENSBURGH, Appellant, *v.* CHARLES LYON, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1872.)

A city common council having authority to pass ordinances to preserve its harbors and water channels, and "to prevent and punish the casting and depositing therein, or the causing to be floated, drifted and deposited therein, of any substance which, in their judgment, may be liable to obstruct the same; to prevent and remove all obstructions therein and to punish the authors thereof," may pass an ordinance imposing penalties for depositing, &c., certain substances in a particular river, or the canals, raceways, &c., leading into it, which is, in fact, a harbor or water channel, without declaring therein that the river is such harbor or channel, and that the substances so deposited, &c., may get into or tend to obstruct the same.

Accordingly, a complaint for depositing, &c., prohibited substances in the river named in the ordinance, stating that the river is a harbor or water channel of the city, states a cause of action.

Assuming that the United States courts have exclusive jurisdiction of maritime torts, and that placing obstructions in navigable waters is such a tort, still the State legislature may confer upon municipalities, where navigable waters and harbors exist, police authority over the same, and the violation of a regulation adopted by the municipal authority, within the power conferred, is within the jurisdiction of the State courts.

*Held*, accordingly, that this court has jurisdiction of an action for the recovery of a penalty, prescribed by such an ordinance, for its violation, and that the act of the legislature under which the ordinance was passed was valid.

*Myers & Morris*, for the plaintiff.

*Foote & James*, for the defendant.

Present—POTTER, DANIELS and PARKER, JJ.

PARKER, J.   This is an appeal by the plaintiff from a judgment entered pursuant to an order of the St. Lawrence Spe-

cial Term, sustaining defendant's demurrer to the complaint.

The action was brought to recover penalties for the violation of an ordinance of the common council of the city of Ogdensburgh, which ordinance, as set forth in the complaint, is as follows: "No person shall cast or deposit, or suffer or procure to be cast or deposited in the Oswegatchie river, or in any canal, raceway or pond leading into said river, in this city, any sawdust, shavings, chips, tanbark, earth or refuse matter from any saw-mill, machine shop, tannery or shop or manufactory of any kind, under the penalty of fifty dollars for each offence."

The violation of this ordinance is alleged as follows:

" And the plaintiff further shows, that the defendant afterwards, to wit, on or about the 30th day of June, 1871, *in said city*, did, contrary to and in violation of the ordinance aforesaid, cast and deposit, and did procure and cause to be cast and deposited, in the Oswegatchie river, *which forms one of the harbors in said city*, and in the raceway leading from defendant's mill or shop into said river, the same being one of the water channels of said city, certain sawdust, shavings, chips, bark and other refuse matter, from his mill or shop aforesaid, which had the effect to fill up and obstruct, and does fill up and obstruct, the water channels and harbors of said city, whereby," &c.

The defendant demurred to the complaint on the grounds:

1. That the said complaint does not state facts sufficient to constitute a cause of action.

2. That the court has no jurisdiction of the subject-matter of the action.

The court, at Special Term, sustained the demurrer upon the first ground, and gave judgment thereon for the defendant.

I am strongly inclined to think that the court erred, and that the demurrer was not well taken.

The decision of the Special Term was based upon the ground that the ordinance, for the violation of which the action was brought, was not authorized by the statute.

City of Ogdensburgh *v.* Lyon.

The statute is as follows: " The common council shall have power to pass all such ordinances as they may deem proper to preserve the *harbors* and *water channels* of said city; to *prevent* and punish the casting add depositing therein, or the causing *to be floated, drifted and deposited therein,* of any substance which, in their judgment, *may be liable to obstruct* the same; to *prevent* and remove all obstructions therein, and to punish the authors thereof," &c.

The criticism of the defendant's counsel is, that the ordinance has no reference to the *harbors* and channels of the city, but is confined to the *Oswegatchie river* and the canals, raceways and ponds leading into it, without any reference to whether the substances prohibited from being thrown into them get into the harbors and channels, or have a tendency to obstruct the same. It is not necessary that the ordinance should follow the language of the statute. When the statute gives the common council of the city power to pass such ordinances as they may deem proper " to preserve the harbors and water channels of the city, to *prevent,*" &c. (see language of the statute above quoted), and they pass an ordinance prohibiting the casting into the Oswegatchie river or into any raceway, &c., leading into the river, in the city, any sawdust, &c.; if the Oswegatchie river is, in fact, a harbor or water channel of the city, they have not, in passing such ordinance, exceeded their authority.

The complaint alleges that the Oswegatchie river forms one of the harbors in the city, and this stands admitted by the demurrer. The complaint also alleges that the defendant did, in said city, cast sawdust, &c., into the raceway leading into the said river, which had the effect to fill up and obstruct, and does fill up and obstruct, the water channels and harbors of said city. This is also admitted. The ordinance, therefore, as distinctly appears, goes no further than the statute allows.

It is not necessary that the raceway, into which the sawdust, &c., was cast by defendant, should be a navigable stream, or one of the water channels of the city, in order to authorize the plaintiff to prohibit the casting into it, in the city, of saw-

dust, &c., provided the casting into it of such materials has a tendency to obstruct the harbor; and the complaint avers that it not merely has such tendency, but in fact produces such effect.

In a word, the statute authorizes the common council, by ordinance, to prevent the depositing, directly in the harbors of the city, any substance liable to obstruct them, or to do the same thing indirectly, by casting such substance, within the city, into any of the affluents of such harbors.

The ordinance clearly does not go beyond this, if the Oswegatchie river is, as alleged, and stands admitted in the case, one of those harbors. It is no defect in the ordinance that it fails to show that the Oswegatchie river is one of the harbors, or that sawdust, &c., cast into the raceways, &c., is drifted into the river. The validity of the ordinance depends upon the fact, and not the statement of it in the ordinance.

I am unable to see any such departure, in the ordinance, from the statute, as to affect its validity.

The court was clearly right in holding that there was no want of jurisdiction in this court to take cognizance of the action.

It can scarcely be pretended that an action upon the city ordinance would be cognizable in the admiralty courts, how ever it might be in regard to an action brought, independently of the ordinance, for the wrong of obstructing the harbors in the city. The subject of this action is the violation of the city ordinance, of which this court clearly has jurisdiction. The objection made goes rather to the validity of the statute authorizing the ordinance, as interfering with matters in the exclusive jurisdiction of the federal government, and thus may be urged in support of the *first* ground of demurrer.

It may be conceded, as the court below well says in the opinion delivered in this case, " that the United States courts have exclusive jurisdiction over maritime torts, and that placing obstructions in navigable waters would be such; still, the legislature of a State may confer upon municipalities, where navigable waters and harbors exist, police authority over the

same; and a violation of any regulation the municipal authority should adopt, if within the power conferred, would be within the jurisdiction of the State courts."

The power conferred by the statute and exercised by the passage of the ordinance was one which the legislature could give. The city is not, because torts committed upon navigable water within its bounds, and contracts to be performed thereon, are within the exclusive jurisdiction of the admiralty courts, if they are so, precluded from the exercise of its governmental powers over such waters. They are still State, and not United States territory; and the State, or its municipalities under it, may pass all laws or ordinances for their government not in conflict with the Constitution of the United States or the laws of congress enacted within its constitutional powers. The federal government, under its power to regulate commerce between the States, may, no doubt, take into its hands the construction and improvement of harbors within the States. But this power does not prohibit the State from doing the same thing, for the purposes of its internal commerce. As was said by Chief Justice MARSHALL, in *Gibbons* v. *Ogden* (9 Wheaton, 1), "It is obvious that the government of the Union, in the exercise of its express powers, that, for example, of regulating commerce with foreign nations and among the States, may use means that may also be employed by a State in the exercise of *its* acknowledged powers: that, for example, of regulating commerce *within the State.*" In case of conflict, no doubt the State law must yield to the law of congress. But until such conflict arises, the State law is valid and unimpeachable.

The court was right, therefore, in holding that it had jurisdiction of the subject of the action, and that the act of the legislature, under which the ordinance was passed, was valid. But, as before shown, it was error to hold that the demurrer was well taken, upon the ground that the ordinance upon which the suit is brought was unauthorized by the statute under which it was framed.

The judgment appealed from must, therefore, together

with the order sustaining the demurrer, be reversed, with costs, and the demurrer overruled, with leave to the defendant to answer within twenty days after notice of the order to be entered herein, upon payment of plaintiff's costs.

POTTER and DANIELS, JJ., concurred.

Judgment reversed.